IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:11CV3115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JANE E. BURKE, Counsel on UPL, | ) | |
| NEBRASKA COMMISSION ON | ) | |
| UNAUTHORIZED, and | ) | |
| JOHN/JANE DOE, accusers, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on July 21, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Also pending are Plaintiff's Motions for Temporary Restraining Order. (Filing Nos. 9 and 10.)

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on July 21, 2011, against Jane E. Burke, counsel for the Nebraska Commission on the Unauthorized Practice of Law and "John/Jane Doe accusers." (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Omaha, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendants have violated his First Amendment rights by investigating him for the unauthorized practice of law. (*Id*. at CM/ECF pp. 1-2.) Plaintiff seeks $100,000,000.00 in monetary damages, a declaration that Defendants' policies have violated his rights, a permanent injunction that prevents Defendants from violating his rights and a court order that declares Nebraska's rules on the unauthorized practice of law unconstitutional. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

*1. Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of

immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity that employs the official. *See* *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord* *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues Jane E. Burke, counsel for the Nebraska Commission on the Unauthorized Practice of Law. (Filing No. 1 at CM/ECF p. 1.) Plaintiff does not specify whether he sues Burke in her individual or official capacity. (*Id*.) Consequently, the court presumes that Burke is sued in her official capacity only. As discussed above, the Eleventh Amendment bars monetary claims against a state, state instrumentalities and employees of a state sued in their official capacities. Therefore, Plaintiff's monetary claims against Burke are barred by the Eleventh Amendment.

3

### 2. *Younger* Abstention

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state proceeding has already been commenced. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). *Younger* applies "to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). In *Middlesex*, a lawyer filed suit in federal court alleging that a New Jersey Bar Association proceeding violated his First Amendment rights. *Id.* at 427-29. The Court held that the federal district court correctly dismissed the case based on *Younger*. *Id.* at 432. As part of its analysis, the Court enunciated a three-part inquiry for the application of *Younger* abstention to state bar proceedings:

> [F]irst, do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

*Id.* (emphasis omitted). The court will explore each of these elements as they apply to Plaintiff's Complaint.

First, Plaintiff's Complaint clearly indicates that the Nebraska Commission on Unauthorized Practice of Law is conducting a formal investigation into whether

Plaintiff is engaging in the unauthorized practice of law. (Filing No. 1 at CM/ECF p. 3.) This investigation is being conducted pursuant to the rules promulgated by the Nebraska Supreme Court, which has the inherent authority to define and regulate the practice of law in Nebraska. *See* Neb. Ct. R. Ch. 3, Art. 10, Statement of Intent. After the investigation, the Nebraska Commission on Unauthorized Practice of Law may commence a civil injunction proceeding against Plaintiff by filing a petition in the Nebraska Supreme Court. *See* Neb. Ct. R. § 3-1015. Plaintiff would then be given the opportunity to serve a written answer, and thereafter, the matter would proceed as provided in the Nebraska Court Rules of Pleading in Civil Cases. *Id.* Thus, it is clear that the Nebraska Supreme Court treats unauthorized practice of law proceedings as judicial in nature. *See, e.g., Middlesex*, 457 U.S. at 432 (noting the New Jersey State Constitution vested the power to govern and discipline the bar in the New Jersey Supreme Court and that the New Jersey bar disciplinary proceedings were judicial in nature). As such, these proceedings warrant federal-court deference.

Second, the court finds that regulating the legal profession in Nebraska is an important state interest. *See Middlesex*, 457 U.S. at 432 (recognizing that states have an important obligation to regulate persons who are authorized to practice law); *Bailey v. Moyer*, No. 2:05CV556, 2005 WL 1490827, at *3 (S.D. Ohio June 23, 2005) ("Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law.").

Third, Plaintiff clearly has the opportunity to raise his constitutional claims during the unauthorized practice of law proceedings because the rules provide him with an opportunity to answer and to present evidence at a hearing. *See* Neb. Ct. R.§§ 3-1015, 3-1016.

In short, the holdings in *Younger* and *Middlesex* prohibit this court from exercising jurisdiction over Plaintiff's constitutional claims for injunctive and declaratory relief.

5

    C.    *State Law Claims*

Liberally construed, Plaintiff may have state law claims against "John/Jane Doe accusers" for slander or libel. (*See* Filing No. 1.) However, because the court has abstained from exercising jurisdiction over Plaintiff's constitutional claims, the court declines to exercise supplemental jurisdiction over his state law claims because it has dismissed all other claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

    2.    Plaintiff's Motion for Temporary Restraining Order (filing nos. 9 and 10) are denied as moot.

    3.    A separate Judgment will be entered in accordance with this Memorandum and Order.

    DATED this 6th day of October, 2011.

    BY THE COURT:

    *Richard G. Kopf*
    United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.